The STAFF PERSONNEL COMMITTEE OF the PROFESSIONAL STAFF ASSOCIATION OF the ANTI–DEFAMATION LEAGUE OF B'NAI B'RITH, Plaintiff,

v.

The ANTI–DEFAMATION LEAGUE OF B'NAI B'RITH,

and

The B'nai B'rith Revised Retirement Trust

and

Jay Kaufman, William A. Wexler, Benjamin Greenberg, Philip M. Klutznick, Trustees of the B'nai B'rith Retirement Trust, Defendants.

Civ. A. No. 1995–69.

United States District Court
District of Columbia.

Oct. 7, 1969.

Landis, Cohen & Singman, Stephen M. Nassau, Washington, D. C., for plaintiff.

Bernstein, Alper, Schoene & Friedman, Edward D. Friedman, Washington, D. C., for defendant The Anti-Defamation League of B'nai B'rith.

Bernard Dunau, Washington, D. C., for defendants The B'nai B'rith Revised Retirement Trust and Jay Kaufman, William A. Wexler, Benjamin Greenberg, Philip M. Klutznick, Trustees of The B'nai B'rith Revised Retirement Trust.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PRATT, District Judge.

This cause came on to be heard on September 11, 1969, on plaintiff's motion for a preliminary injunction and the Court having considered the pleadings, affidavits, the points and authorities in support of the motion, defendants' points and authorities in opposition to the motion, and oral argument of counsel, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiff, The Staff Personnel Committee of the Professional Staff Association of The Anti-Defamation League of B'nai B'rith (hereinafter referred to as SPC) is a labor organization recognized by defendant, The Anti-Defamation League of B'nai B'rith (hereinafter referred to as ADL), as the exclusive representative of ADL's professional employees.

2. B'nai B'rith is a national organization devoted to the promotion of charitable, educational, religious and cultural activities. It conducts its activities through commissions, committees and boards, each one of which is charged with re-

sponsibility for a program of B'nai B'rith. B'nai B'rith is organized as a nonprofit organization and has tax exempt status under Section 501(c) (8) of the Internal Revenue Code of 1954.

3. Defendant, ADL, a nonprofit corporation, incorporated under the laws of the District of Columbia, and maintaining offices and doing business within said District, is an affiliate of B'nai B'rith.

4. Defendant, The B'nai B'rith Revised Retirement Trust (hereinafter referred to as the Trust), is a District of Columbia trust created for the sole and exclusive benefit of the employees of B'nai B'rith and of seventeen of its affiliated organizations, including ADL. These affiliated organizations have tax exempt status under Section 501(c) (3) of the Internal Revenue Code of 1954.

5. Defendants, Jay Kaufman, William A. Wexler and Benjamin Greenberg, are Trustees of the Trust. Defendant, Philip M. Klutznick, resigned as Trustee in February, 1969.

6. On December 9, 1959, B'nai B'rith and these affiliated organizations established the B'nai B'rith Revised Retirement Plan to provide retirement and related benefits for their regular employees other than those holding clerical or secretarial positions. On November 25, 1959, these organizations established the B'nai B'rith Revised Retirement Trust empowering the Trustees to administer the revised retirement plan. There are now 328 participants in the revised retirement plan, 109 of whom are employed by ADL. The revised retirement plan has been amended from time to time since its adoption in 1959.

7. A substantial number of the participants in the revised retirement plan are represented by labor organizations for purposes of collective bargaining. These labor organizations are B'nai B'rith Headquarters Staff Association, B'nai B'rith Youth Organization Staff Association, B'nai B'rith Hillel Foundation Staff Association, B'nai B'rith Vocational Service Staff Association, and Professional Staff Association of the Anti-Defamation League of B'nai B'rith.

8. The employees of the affiliated organizations are represented on an advisory committee established by the Trustees to consult with it on problems pertaining to the administration and amendment of the revised retirement plan.

9. The Trustees have consulted with the advisory committee.

10. ADL recognized SPC as the exclusive bargaining agent for its professional staff personnel in early 1962 and collective bargaining negotiations were begun with it at that time. After discussions, the parties signed a contract dated June 19, 1962, which included a provision covering the retirement plan in Article VIIB of said contract:

"The ADL will maintain a retirement plan which may be amended from time to time as may be necessary. It shall be our policy to encourage the Trustees thereof to consult with the participants in the retirement plan on proposed amendments thereto."

In these negotiations, SPC had proposed that Article VIIB contain a provision that "no action on proposed amendments shall be taken without prior and full consultation thereon with participants in the retirement plan." This proposal was rejected.

11. About February 28, 1969, after consultation with the advisory committee and with the labor organizations, the Trustees informed the participants in the revised retirement plan that the plan had been amended effective January 1, 1969. Each participating employer, including ADL, approved the amendments to the plan. The plan has been administered in accordance with these amendments since their implementation.

12. Plaintiff objected to the adoption of the 1969 amendments and demanded that ADL delay approval of the program until SPC obtained certain actuarial data which it proposed to use for an evalua-

tion of the amendments by an independent actuary. Plaintiff further demanded that ADL bargain with it prior to taking any action on approval or disapproval of the amendments.

13. ADL entered into a discussion of these demands with SPC on March 28, 1969 but the parties were unable to resolve their differences. On May 21, 1969, SPC initiated arbitration proceedings under the agreement to resolve this dispute. The hearing before the arbitrator was scheduled for September 26, 1969.

14. ADL and the trustees have provided SPC with copies of the retirement plan and digests of the amendments. The Trustees did not furnish SPC with the actuarial data.

15. Plaintiff seeks a preliminary injunction "enjoining the Defendants from continuing the January 1, 1969, amendments to the B'nai B'rith Retirement Plan and Trust in effect, from deducting increased contributions to said Retirement Plan and Trust from employees' paychecks pursuant to said amendments, from refusing to provide Plaintiff with the information which it requires in order to evaluate the amendments, and enjoining Defendant Anti-Defamation League of B'nai B'rith from refusing to rescind its approval and adoption of the January 1, 1969, amendments to the Retirement Plan and Trust * * *."

*Conclusions of Law*

1. Plaintiff has failed to show a substantial likelihood that it will succeed on the merits.

2. Plaintiff has an adequate remedy at law. Should the arbitrator rule in its favor, he may, if he considers it appropriate, provide for retroactive as well as prospective relief. If the arbitrator should rule against it, plaintiff is in no better and no worse position than it was at the hearing of this motion.

3. To require administration of the plan in accordance with its pre-1969 status with concomitant reductions of the contributions to the plan might jeopardize the financial stability of the plan and might impair benefits now available to all participating employees, not only those represented by plaintiff. The balance of convenience weighs against the disruption of the *status quo* by reversion of the plan to its pre-1969 status.

4. In certain respects, this is a request for mandatory relief which should be granted sparingly and only in exceptional circumstances. Such relief is unjustified on the showing in this case.

5. Plaintiff's motion for a preliminary injunction should, accordingly, be denied.